IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE FARM LIFE INSURANCE COMPANY                                           PLAINTIFF

V.                                      CASE NO. 4:17-CV-04063

JAMES GULLEY; MICHAEL
ARMSTRONG; ALVITA JONES;
BRANDON'S MORTUARY, INC.;
and ALBERTA BRANDON d/b/a
Brandon's Mortuary, Inc.                                                    DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Partial Dismissal. ECF No. 26. The Court finds this matter ripe for consideration.

The instant interpleader action was filed on August 2, 2017. ECF No. 1. Plaintiff State Farm Life Insurance Company (hereinafter "State Farm") filed the present action to determine the individuals or entity entitled to receive certain life insurance proceeds following the death of the insured, Marjorie Armstrong Gulley (hereinafter "Decedent"). ECF No. 1, ¶ 1. Plaintiff asserts that it issued two life insurance policies to the Decedent and that it is now obligated to pay the benefits of those policies to the appropriate beneficiaries. ECF No. 1, ¶¶ 10, 28. Plaintiff further states that the beneficiary designations were changed multiple times for each policy. Likewise, Plaintiff asserts that an Irrevocable Assignment of Insurance Proceeds was executed by Michael Armstrong in favor of Brandon's Mortuary, Inc., for funeral services and merchandise in connection with the interment of the Decedent. ECF No. 1, ¶ 27. Accordingly, there are disputes as to which person or party is entitled to the insurance benefits in question.

In the instant motion, the parties state that the total benefits due under the policies comes to $26,630 plus interest accrued since the Decedent's death. ECF No. 26, ¶ 10. The parties state that although they "dispute who the proper beneficiary is under the terms of the policy, they do agree that James Gulley, Michael Armstrong, Alvita Jones and Brandon's Mortuary constitute all potential beneficiaries pursuant to the aforementioned policies." ECF No. 26, ¶ 13. The parties, likewise, agree that upon submitting the policy proceeds to the Court, Plaintiff State Farm will have fulfilled its obligations and will be discharged from any and all liability to Defendants. ECF No. 26, ¶ 14. Accordingly, the parties "consent to orders allowing State Farm to deposit its policy proceeds and dismissing it from this case." ECF No. 26, ¶ 14. The parties further agree that upon dismissal of Plaintiff State Farm, the Court retains jurisdiction to determine which Defendants are entitled to the life insurance proceeds at issue. ECF No. 26, ¶ 15. Thus, the parties request:

> that State Farm Life Insurance Company be directed to pay its policy proceeds totaling $26,630 plus interest accruing since Marjorie Gulley's death into the registry of the Court; that, upon doing so, the Court determine that State Farm has satisfied its obligations pursuant to the policies it issued; that State Farm be dismissed from this action; and that the Court retain jurisdiction to make a final determination regarding those individuals and/or entities who are entitled to payment of the policy proceeds.

ECF No. 26, p. 3.

As an initial matter, the Court notes that although the parties have presented the instant motion as a motion for partial dismissal, a request for dismissal of Plaintiff State Farm is premature, as Plaintiff State Farm has not yet deposited the funds at issue into the Registry of the Court. Likewise, the parties' requests that "the Court determine that State Farm has satisfied its obligations pursuant to the policies it issued" and that the Court retain jurisdiction over this matter to determine which Defendants are entitled to the proceeds are also premature. However, the parties do move the Court in the present motion to direct Plaintiff State Farm to pay the policy

2

proceeds of $26,630 plus accrued interest into the Registry of the Court. That request is ripe and the Court finds that it should be granted. Accordingly, the Court finds that the parties' Joint Motion for Partial Dismissal (ECF No. 26) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court shall issue an order of even date directing Plaintiff State Farm to deposit the funds at issue into the Registry of the Court. Once Plaintiff has done so the parties may move once again for dismissal of Plaintiff State Farm and for other requested relief.

**IT IS SO ORDERED**, this 3rd day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge