IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE FARM LIFE INSURANCE COMPANY　　　　　　　　　　PLAINTIFF

V.　　　　　　　　　　CASE NO. 4:17-CV-04063

JAMES GULLEY; MICHAEL
ARMSTRONG; ALVITA JONES;
BRANDON'S MORTUARY, INC.;
and ALBERTA BRANDON d/b/a
Brandon's Mortuary, Inc.　　　　　　　　　　DEFENDANTS

**ORDER ON REQUEST TO DEPOSIT FUNDS INTO THE COURT'S REGISTRY**

Based on the request for authority to deposit funds into the District Court's registry, contained in the parties' Joint Motion for Partial Dismissal filed on February 27, 2018 as docket entry number 26, it is ordered that the request is **GRANTED** as follows:

A. The party specified in the motion is authorized and directed to deposit $26,630, plus accrued interest, by check or money order, made payable to "U.S. District Court," and delivered, together with a copy of this Order, to the Clerk of Court, as soon as practicable after funds are available, or no later than June 1, 2018.

B. The Clerk is directed to deposit the funds into an interest bearing account with an authorized depository as specified in General Order 2016-3 and to retain such funds on deposit until further order of the court.

C. Nature of deposit:

☐ **Not** "disputed ownership funds" (CRIS system). Based on the record presented, this court does not find or conclude that the funds at issue must be treated as "disputed ownership funds" as that term is defined by the Internal Revenue Service (26 C.F.R. § 1.468B-9(b)(1)). Accordingly, the Administrative Office of the United States Courts is hereby authorized and directed to administer the funds, and charge fees, under the Court Registry Investment System (CRIS).

☒ Ordinary "disputed ownership funds" (CRIS DOF). This court finds and concludes that the funds to be deposited are interpleader funds, or other funds which qualify as "disputed ownership funds" as that term is defined by the Internal Revenue Service (26 C.F.R. § 1.468B-9(b)(1)). Accordingly, the Administrative Office of the United States Courts is hereby authorized and directed to administer the funds, charge fees, and withhold and pay taxes, under its Disputed Ownership Funds system (CRIS DOF).

☐ Disputed ownership funds requiring special administration. The funds to be deposited qualify as "disputed ownership funds" as that term is defined by the Internal Revenue Service (26 C.F.R. § 1.468B-9(b)(1)) but require special administration, such as periodic withdrawals for payment of expenses related to this case or a related proceeding. A special

administrator is required, and it cannot be the Clerk nor can it be the Administrative Office of the United States Courts, because neither is set up to administer such complex accounting. Accordingly, this court appoints the following person as the special administrator to administer the funds, charge fees, and withhold and pay taxes. The special administrator's compensation and other terms are as set forth either in the motion, or elsewhere in this order, or in a separate order.

Special administrator:            .

Dated: May 3, 2018                                  /s/ Susan O. Hickey
                                                    Susan O. Hickey
                                                    United States District Judge