IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


STATE FARM LIFE INSURANCE COMPANY                    PLAINTIFF


V.                        CASE NO. 4:17-CV-04063


JAMES GULLEY; MICHAEL
ARMSTRONG; ALVITA JONES;
BRANDON'S MORTUARY, INC.;
and ALBERTA BRANDON d/b/a
Brandon's Mortuary, Inc.                                DEFENDANTS


**<u>ORDER</u>**

On February 26, 2018, the Court entered an order granting in part and denying in part

Plaintiff's Motion for Sanctions. ECF No. 25. In that order, the Court determined that Plaintiff was

entitled to "receive its reasonable expenses, including attorney's fees, that were incurred as a result

of [Separate Defendants Brandon's Mortuary, Inc., and Alberta Brandon, d/b/a Brandon's

Mortuary, Inc.s'] failure to comply" with a previous order compelling discovery. ECF No. 25, p.

4. Accordingly, the Court directed Plaintiff to submit an affidavit detailing its reasonable expenses

within thirty days. Plaintiff has now submitted the ordered affidavit. ECF No. 27. In the affidavit,

Plaintiff asserts that it incurred a total of $573.50 in attorney's fees as a result of Separate

Defendants Brandon's Mortuary, Inc., and Alberta Brandon, d/b/a Brandon's Mortuary, Inc.s'

[hereinafter "Separate Defendants"] failure to comply with the Court's order compelling

discovery. Plaintiff states that this figure of $573.50 reflects 3.1 hours of attorney time at a rate of

$185.00 per hour.

Upon consideration, the Court hereby awards Plaintiff $573.50 as reasonable expenses, including attorney's fees, incurred as a result of Separate Defendants' failure to comply with the Court's order. Federal Rule of Civil Procedure 37(b)(2)(C) provides, in relevant part, that the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" In the Court's previous order the Court noted that Separate Defendants conceded that "it was Separate Defendants' counsel's fault for not timely providing this information to Plaintiff" and that their counsel "simply allowed this matter to go unattended." ECF No. 25, p. 2 (quoting ECF No. 24, ¶ 14). Accordingly, the Court finds that Separate Defendants' counsel should be ordered to pay the awarded amount. Therefore, Justin B. Hurst, counsel for Separate Defendants Brandon's Mortuary, Inc., and Alberta Brandon, d/b/a Brandon's Mortuary, Inc., is hereby **ORDERED** to pay Plaintiff $573.50 as reasonable expenses, including attorney's fees, incurred as a result of Separate Defendants' failure to comply with the Court's order. The awarded amount shall be paid within thirty (30) days of the date of this order.

**IT IS SO ORDERED**, this 3rd day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge