IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE FARM LIFE INSURANCE COMPANY                                                    PLAINTIFF

V.                                         CASE NO. 4:17-CV-04063

JAMES GULLEY; MICHAEL
ARMSTRONG; ALVITA JONES;
BRANDON'S MORTUARY, INC.;
and ALBERTA BRANDON d/b/a
Brandon's Mortuary, Inc.                                                              DEFENDANTS

## ORDER

Before the Court is Plaintiff State Farm Life Insurance Company's (hereinafter "State Farm") Renewed Motion for Partial Dismissal. ECF No. 31. Defendants have not responded and the time to respond has passed. Also before the Court is an Unopposed Motion for Dismissal of Suit and Disbursement of Funds filed by Defendants Alvita Jones and Michael Armstrong. ECF No. 32. Plaintiff State Farm has filed a response. ECF No. 33. The Court finds these matters ripe for consideration.

## BACKGROUND

The instant interpleader action was filed on August 2, 2017. ECF No. 1. Plaintiff State Farm filed the present action to determine the party or parties entitled to receive certain life insurance proceeds following the death of the insured, Marjorie Armstrong Gulley (hereinafter "Decedent"). ECF No. 1, ¶ 1. State Farm asserts that it issued two life insurance policies to the Decedent and that it is now obligated to pay the benefits of those policies to the appropriate beneficiaries. ECF No. 1, ¶¶ 10, 28. State Farm further states that the beneficiary designations were changed multiple times for each policy. Likewise, State Farm asserts that an Irrevocable

Assignment of Insurance Proceeds was executed by Michael Armstrong in favor of Brandon's Mortuary, Inc., for funeral services and merchandise in connection with the interment of the Decedent. ECF No. 1, ¶ 27.

## DISCUSSION

The Court will discuss each motion in turn.

### I. State Farm's Renewed Motion for Partial Dismissal

In State Farm's Renewed Motion for Partial Dismissal, State Farm informs the Court that it has paid the insurance proceeds at issue into the registry of the Court, as previously ordered. *See* ECF No. 29. Accordingly, State Farm now moves the Court to dismiss it from this action, find that it has satisfied its obligations under the insurance policies it issued on the life of the Decedent, and retain jurisdiction to determine the party or parties entitled to the insurance funds at issue. As noted above, Defendants have not responded. However, Defendants previously joined a separate motion seeking partial dismissal of State Farm and stated that they did not oppose the requested relief. *See* ECF No. 26. Accordingly, upon consideration, the Court finds that State Farm's Renewed Motion for Partial Dismissal should be granted.

### II. Unopposed Motion for Dismissal of Suit and Disbursement of Funds

In their Unopposed Motion for Dismissal of Suit and Disbursement of Funds, Defendants Jones and Armstrong inform the Court that the Defendants have reached an agreement that effectively settles this matter in federal court. Defendants Jones and Armstrong state that Defendants agree that this matter should be resolved in the Circuit Court of Hempstead County, Arkansas.[1] Accordingly, Defendants Jones and Armstrong move the Court, pursuant to the agreement reached by Defendants, to disburse the funds that have been paid into the registry of

---

[1] Although the remaining Defendants have not joined Defendants Jones and Armstrongs' motion, they have informed the Court that they do not oppose the motion.

the Court by State Farm. Under Defendants' agreement, the Court would order disbursement of the funds at issue in equal portions "to the attorney for defendants Michael Armstrong and Alvita Jones and the attorney for defendant James Gully to be held by them in their respective trust accounts until suit is commenced in Hempstead County Circuit Court for adjudication of the party entitled to the life insurance proceeds." ECF No. 32, ¶ ii. Defendants Jones and Armstrong further state that, under the agreement, the parties have agreed "that they will submit a joint order for interpleading the funds in the registry of the Circuit Court as soon as can practically be accomplished after such suit is filed." ECF No. 32, ¶ iii. In response, State Farm asserts that it only opposes the requested relief because it is still a party to this action and further states that once it is dismissed as a party it has no objection to the relief sought. In light of the discussion above, it appears that State Farm's concerns are moot as the Court has found that State Farm should be dismissed from this action.

In regard to the requested relief, Defendants Jones and Armstrong have not cited any authority or relevant caselaw to support their request. However, as Defendants appear to have negotiated an outcome that is satisfactory to all participants, the Court will treat the instant motion as a notice of settlement and motion to dismiss. Accordingly, the Court finds that the instant motion should be granted.

## CONCLUSION

For the foregoing reasons, the Court finds that State Farm's Renewed Motion for Partial Dismissal (ECF No. 31) should be and hereby is **GRANTED**. Plaintiff State Farm has fulfilled its obligations under the insurance policies issued on the life of the Decedent and is hereby **DISMISSED** from this action. Further, the Court finds that the Unopposed Motion for Dismissal of Suit and Disbursement of Funds (ECF No. 32) filed by Defendants Alvita Jones and Michael

Armstrong should be and hereby is **GRANTED**. An appropriate order of even date shall be issued directing the Clerk of Court to disburse the funds at issue. Upon disbursement of the funds, this matter will be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of June, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge